United States District Court
Middle District of Florida
Jacksonville Division

**HARRY LEE WILSON,**

 Plaintiff,

v.             NO. 3:25-CV-943-MMH-LLL

**CITY OF JACKSONVILLE AND
MAYOR DONNA DEEGAN,**

 Defendants.

_____

### Report and Recommendation

This cause is before the Court sua sponte. Plaintiff initiated this action on August 19, 2025, by filing a complaint, doc. 1; on the same date he applied to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2. On October 17, 2025, the Court entered an Order denying without prejudice plaintiff's motion to proceed in forma pauperis. Doc. 4. In the order, the Court also explained that the complaint was deficient for a variety of reasons, including that it did not appear that the Court had jurisdiction under either 28 U.S.C. §§ 1331 or 1332, and that the complaint was an impermissible shotgun pleading. *Id*. at 4-7. The Court directed plaintiff that "[o]n or before October 31, 2025, [he] shall either submit an amended complaint that sets forth the factual bases for his claims and submit a renewed application to proceed without prepayment of fees or costs; or pay the filing fee." *Id.* at 9. The Court cautioned plaintiff that failure to comply with the Court's Order "may

result in a recommendation that the action be dismissed." *Id*. Plaintiff failed to respond by the deadline provided by the Court.

On November 12, 2025, the Court issued an Order to Show Cause. Doc. 5. The Court directed plaintiff that "[o]n or before November 26, 2025, [he] shall either: (1) submit an amended complaint correcting the deficiencies identified by the Court's Order, doc. 4, and submit a renewed application to proceed in district court without prepaying fees or costs (Long Form) or (2) pay the appropriate filing fee. Additionally, plaintiff shall show cause in writing why his case should not be dismissed for lack of prosecution." Doc. 5 at 2. Plaintiff was cautioned that "[f]ailure to comply with this Order will likely result in a recommendation that [his] case be dismissed without further notice." *Id.*

On November 17, 2025, plaintiff filed a renewed motion to proceed in forma pauperis, doc. 7, but failed to file an amended complaint as directed. *See* docs. 4 at 9; 5 at 2. Instead, plaintiff filed a motion, doc. 8, asking that the Court not dismiss his complaint. The filing, however, contains no information about why plaintiff has failed to follow the Court's directives. To date, plaintiff has neither filed an amended complaint nor paid the filing fee.

Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Local Rules of the United States District Court for the Middle District of Florida. I find plaintiff's response to the order to show cause, and failure to file an amended complaint or pay the filing fee, do not

2

demonstrate due diligence or just cause for delay and recommend his case be dismissed for failure to prosecute.

## Recommendation

I respectfully **recommend**:

1. This case be **dismissed without prejudice** for failure to prosecute under Local Rule 3.10, Local Rules of the United States District Court for the Middle District of Florida; and

2. the Clerk be directed to terminate all pending motions and **close** the file.

**Entered** in Jacksonville, Florida, on December 2, 2025.



/s/ Laura Lothman Lambert
United States Magistrate Judge

c:
The Honorable Marcia Morales Howard, Chief United States District Judge
Harry Lee Wilson, pro se plaintiff
    2475 Kings Road, Unit No. 3
    Jacksonville, FL 32209

## Notice

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.